STATE OF NEBRASKA EX REL. COUNSEL FOR DISCIPLINE OF THE NEBRASKA SUPREME COURT, RELATOR, V. PATRICK T. O'BRIEN, RESPONDENT.

684 N.W.2d 46

Filed July 30, 2004.   No. S-03-1273.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, and MILLER-LERMAN, JJ.

PER CURIAM.

## INTRODUCTION

Respondent, Patrick T. O'Brien, was admitted to the practice of law in the State of Nebraska on June 27, 1972, and at all times relevant hereto was engaged in the private practice of law in Lincoln, Nebraska. On November 10, 2003, formal charges were filed against respondent. The formal charges set forth one count that included charges that respondent violated the following provisions of the Code of Professional Responsibility: Canon 1, DR 1-102(A)(1) (violating disciplinary rule), DR 1-102(A)(5) (engaging in conduct prejudicial to administration of justice), DR 1-102(A)(6) (engaging in conduct that adversely reflects on fitness to practice law), and Canon 9, DR 9-102(B)(4) (returning client funds or properties as requested), as well as his oath of office as an attorney, Neb. Rev. Stat. § 7-104 (Reissue 1997). A referee was appointed and heard evidence. On May 3, 2004, the referee filed his report. With respect to the single count in the charges, the referee found that respondent's conduct had breached DR 1-102(A)(1), (5), and (6), and DR 9-102(B)(4), as well as his oath of office as an attorney. The referee recommended that respondent be suspended from the practice of law for 90 days.

On June 7, 2004, respondent filed a conditional admission under Neb. Ct. R. of Discipline 13 (rev. 2002), in which he knowingly did not challenge or contest the findings of fact and recommended sanction set forth in the referee's report. In addition, respondent agreed to a 1-year period of probation following the reinstatement of his license, during which probationary period, he would engage and work with a practicing attorney to monitor respondent's practice, and continue treatment for depression as directed by his psychiatrist and psychologist. In his conditional admission, respondent also waived all proceedings against him in connection with the formal charges in exchange for the sanction set forth above. Respondent asked that discipline be imposed 14 days after the ruling by this court on the conditional admission. Upon due consideration, the court approves the conditional admission and orders that respondent be suspended from the practice of law for 90 days commencing 14 days after the filing of this opinion and, should respondent apply for reinstatement, that respondent be subject to probation with monitoring as outlined *infra* for 1 year.

## FACTS

In summary, in his report, the referee found that respondent had represented at trial Richard Allen, who had been charged with first degree sexual assault. Allen was convicted and sentenced, and respondent unsuccessfully appealed the sentence. Respondent's representation of Allen ended in approximately February 2002, at which time respondent held in his attorney trust account $10,894.76 belonging to Allen. Allen retained new counsel, and in August, Allen's new attorney directed respondent to transfer Allen's funds to Allen's sister. Respondent did not transfer the funds until April 25, 2003, which was after Allen had filed a formal complaint against respondent with the Counsel for Discipline's office. The referee found that respondent had failed to refund Allen's funds in a timely manner and that Allen had been harmed by respondent's delay. The referee found that respondent's conduct had breached DR 1-102(A)(1), (5), and (6), and DR 9-102(B)(4), as well as his oath of office as an attorney. The referee also found that respondent was suffering from depression and had been undergoing treatment with a

psychologist and a psychiatrist since March 2003. The referee found respondent's treatment for depression to be a mitigator which he took into account when he recommended that respondent be suspended for 90 days.

## ANALYSIS

Rule 13 provides in pertinent part:

(B) At any time after the Clerk has entered a Formal Charge against a Respondent on the docket of the Court, the Respondent may file with the Clerk a conditional admission of the Formal Charge in exchange for a stated form of consent judgment of discipline as to all or part of the Formal Charge pending against him or her as determined to be appropriate by the Counsel for Discipline or any member appointed to prosecute on behalf of the Counsel for Discipline; such conditional admission is subject to approval by the Court. The conditional admission shall include a written statement that the Respondent knowingly admits or knowingly does not challenge or contest the truth of the matter or matters conditionally admitted and waives all proceedings against him or her in connection therewith. If a tendered conditional admission is not finally approved as above provided, it may not be used as evidence against the Respondent in any way.

Pursuant to rule 13, we find that respondent knowingly does not challenge or contest the findings of fact and recommended sanction set forth in the referee's report and knowingly does not challenge or contest that he violated DR 1-102(A)(1), (5), and (6), and DR 9-102(B)(4), as well as his oath of office as an attorney. We further find that respondent waives all proceedings against him in connection herewith. Upon due consideration, the court approves the conditional admission and enters the orders as indicated below.

## CONCLUSION

Based on the conditional admission of respondent, the recommendation of the Counsel for Discipline, and our independent review of the record, we find by clear and convincing evidence that respondent has violated DR 1-102(A)(1), (5), and (6), and

DR 9-102(B)(4), as well as his oath of office as an attorney, and that respondent should be and hereby is suspended for a period of 90 days, effective 14 days after filing this opinion, after which time respondent may apply for reinstatement. Should respondent apply for reinstatement, his reinstatement shall be conditioned as follows: Respondent shall be on probation for a period of 1 year following reinstatement during which period respondent (1) shall be supervised by an attorney approved by relator, which attorney shall file quarterly reports with relator, summarizing respondent's progress and his adherence to the Code of Professional Responsibility, and (2) shall continue treatment for his depression as directed by his psychiatrist and psychologist. Respondent shall comply with Neb. Ct. R. of Discipline 16 (rev. 2001), and upon failure to do so, he shall be subject to punishment for contempt of this court. Accordingly, respondent is directed to pay costs and expenses in accordance with Neb. Rev. Stat. §§ 7-114 and 7-115 (Reissue 1997) and Neb. Ct. R. of Discipline 10(P) (rev. 2003) and 23(B) (rev. 2001).

JUDGMENT OF SUSPENSION.

STEPHAN and MCCORMACK, JJ., not participating.